UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22798-CIV-JORDAN
MAGISTRATE JUDGE P. A. WHITE

ANTHONY BROWN,              :

    Plaintiff,          :

v.                          :         REPORT OF
                                                     MAGISTRATE JUDGE
CITY OF MIAMI, ET AL.,      :

    Defendant.          :
_____

## I. Introduction

This Cause is before the Court upon the plaintiff's pro se Complaint pursuant to 42 U.S.C. §1983 for equitable relief. [DE# 1]. The plaintiff has paid the full filing fee.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915A.

## II. Analysis

Pursuant to 28 U.S.C. §1915A, this Court must review all civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6 Cir. 1997) (noting that "[district courts are required to screen [pursuant to section 1915A] all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners"). This statute provides, in relevant part:

>    Sec. 1915A. Screening
>
>    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>    (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-
>
>      (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>      (2) seeks monetary relief from a defendant who is immune from such relief.
>
>    (c) Definition.--As used in this section, the term prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

A complaint is "frivolous . . . where it lacks an arguable basis either in law or in fact." Nusku v. Williams, 490 U.S. 319, 325 (1989); Bill v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably merciless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities

under the Constitution or laws of the United States.  Arlington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ. , 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff raises claims concerning his December, 1999 arrest and subsequent conviction, and he seeks access to information and evidence to identify the person with whom he was arrested. Specifically, the plaintiff alleges that on December 22, 1999[1] City of Miami police officers detained him and his companion, known to the plaintiff as "Spanny." The plaintiff details that he accompanied Spanny to an apartment, which Spanny said belonged to him. Spanny entered the apartment through a window, and the plaintiff also entered twenty minutes later. When the plaintiff startled the resident, he ran out of the apartment in a panic. The plaintiff states that he was high and did not fully understand what was happening. The police took Spanny and the plaintiff to the police station in separate cars. The plaintiff was arrested for burglary, but Spanny was released after he "checked out." The plaintiff claims that Spanny had a connection in the police department who "owed him" and he a "get out of jail free card." The plaintiff claims that he does not know Spanny's identity and cannot locate him.

The plaintiff alleges that the City of Miami fails to adequately supervise and train its police officers to record the identity of all witnesses. He also alleges that the police violated his due process rights by releasing Spanny without documenting Spanny's identity. The plaintiff further claims that there was a conspiracy to cover up evidence of Spanny's identity, and raises claims concerning the legality of his conviction, including sufficiency of the evidence, negligent police investigation, falsification of police reports and prosecutorial misconduct.

---

[1] According to the Florida Department of Corrections' website, the plaintiff was arrested on December 22, 1994, not 1999, and he was sentenced in May, 1996 to a term of twenty years.

The plaintiff seeks a declaratory judgment that the police violated his due process rights by failing to identify Spanny; the police conspired with Spanny and the prosecutors to violate his due process rights by covering up this failure; there were falsified police reports; and prosecutors engaged in misconduct with regard to fingerprint evidence. In addition, he seeks an order directing the defendant to turn over "all reports, logs, and journals" that may help identify Spanny, and he seeks an order directing the defendants to submit all unidentified fingerprints to various federal agencies to see if they can find a match for Spanny.

## Declaratory Judgment

This Court cannot grant the plaintiff's request for declaratory judgment. The claims he raises challenge the constitutionality of the his current detention and, as such, are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973).

Moreover, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). In addition, "declaratory or injunctive relief claims which are in the nature of habeas corpus claims - i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release - are simply

not cognizable under §1983." Abella v. Rubino, 63 F.3d 1063, 1066 (11 Cir. 1995).

## Injunctive Relief

The Eleventh Circuit has held that civil actions seeking post-conviction access to evidence for DNA testing purposes are not Heck-barred and may be brought as a §1983 action. Bradley v. Pryor, 305 F.3d 1287, 1290 (11 Cir. 2002), cert. denied, 538 U.S. 999 (2003). The Bradley Court noted that success in such a lawsuit would not demonstrate the invalidity of a conviction or sentence, because a litigant prevails once he has access to the requested evidence or an accounting for its absence. The Court noted that: "Nothing in that result necessarily demonstrates or even implies that his conviction is invalid. As Bradley points out, it is possible that the evidence will not exculpate him, or the proof will show that any unavailable evidence was lost innocently. In that case, he would have no grounds subsequently to pursue a challenge to his conviction or sentence. But even if the evidence, after testing, permits Bradley to challenge his sentence, that challenge is no part of his §1983 suit. He would have to initiate an entirely different lawsuit, alleging an entirely different constitutional violation, in order to demonstrate that his conviction and sentence are invalid." Id. at 1290. The Bradley Court held only that post-conviction federal civil rights complaints seeking evidence for biological testing are not barred by Heck; it did not address the merits of such claims.

The plaintiff seeks an Order compelling the defendants to turn over non-biological evidence and for other relief so he can possibly identify Spanny. Presumably the plaintiff believes that by finding Spanny he will somehow be able to challenge his

6

conviction and sentence.  The holding in Bradley is apparently limited to cases in which a plaintiff seeks post-conviction access to biological evidence for DNA testing. Therefore, it appears that the request for injunctive relief would be Heck-barred.  There is no authority for the general proposition that a plaintiff has a constitutionally protected interest in access to records or fingerprint evidence.  The request for injunctive relief should be dismissed for these reasons.  However, because the Eleventh Circuit has found that in the context of biological evidence a plaintiff may proceed, the Undersigned will use this line of authority as an analogy to analyze the plaintiff's claim for the evidence.

The plaintiff was convicted in Miami-Dade County in 1996.  The plaintiff has not supplied any details about his conviction other than the facts outlined above.  The record contains no transcripts or any other details about his state criminal proceedings.

In Grayson v. King, 460 F.3d 1328 (11 Cir. 2006), cert. denied, ___ U.S. ___, 127 S.Ct. 1005 (January 8, 2007), the Circuit Court was faced with an appeal that presented the issue of whether a criminal defendant has a federal constitutional right to post-conviction access to evidence for DNA testing.  The Court determined that under the circumstances of Grayson's case, he could not establish that he had a constitutional right to DNA evidence. Grayson was convicted of murder in 1982 and sentenced to death. The opinion found that Grayson had a fair trial in which overwhelming evidence was presented against him, he had confessed, he admitted his crimes at trial and he did not contend in his civil rights action that he was actually innocent.  Grayson's state conviction and sentence were affirmed on direct appeal, and he pursued state and federal habeas corpus cases from 1986 to 2001, never seeking any DNA testing of the blood and semen evidence found

7

at trial.  Grayson first sought to obtain the biological evidence in 2002, 20 years after he was convicted.  The Grayson Court found that under the circumstances of his criminal case, the results of any DNA testing would relate to a rape that was perpetrated along with the murder and could not exculpate Grayson of capital murder, which was the only crime of conviction.  The Court stated "the non-biological evidence against him was and is overwhelming."  460 F.3d at 1341.

The Grayson Court held that under those circumstances there was no Fourteenth Amendment right to the post-conviction production of biological evidence, pursuant to Brady v. Maryland[2], 373 U.S. 83 (1963) and its progeny, or Mathews v. Eldridge[3], 424

---

[2] In Brady, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. The Brady rule is grounded in a defendant's right to a fair trial. The Supreme Court has since explained that "unless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside .... [T]he prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial." United States v. Bagley, 473 U.S. 667, 675-76 (1985) (quotation marks omitted); Kyles v. Whitley, 514 U.S. 419, 434 1995) (noting that the question under Bagley is whether, in the absence of the evidence, the defendant received a fair trial); United States v. Agurs, 427 U.S. 97, 108(1976) (stating that there is no denial of due process "unless the omission deprived the defendant of a fair trial"). The Supreme Court also explained that evidence is material, for Brady purposes, "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Bagley, 473 U.S. at 682.

[3] In Mathews, the Supreme Court explained that "[p]rocedural due process imposes constraints on governmental decisions which

U.S. 319 (1976), and its progeny. While not foreclosing the possibility that another plaintiff might be entitled to post-conviction biological evidence under different circumstances ("Today we need not and do not decide whether there can *ever* be a post-conviction right of access to the type of biological evidence Grayson seeks for DNA testing" 460 F.3d at 1342 (emphasis in original)), the opinion certainly severely narrowed the circumstances under which such a right might exist.

In this case, the plaintiff seeks non-biological evidence to attempt to identify another person; he does not seek any evidence for scientific testing other than his request that the defendants submit unidentified fingerprints to federal agencies. The plaintiff does not explain whether he had sufficient opportunities to challenge the constitutionality of his conviction; the extent of the risk of an erroneous deprivation of the plaintiff's liberty interest; the probable value of the results of any fingerprint testing or examination of records; and why the need for the documents and evidence outweighs the compelling government of finality of duly adjudicated criminal judgments. Without the

---

deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Id. at 332. The Supreme Court explained that where the government seeks to deprive an individual of such an interest, the courts must consider the following factors in determining what administrative safeguards are required: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Id. at 335. Thus, Mathews applies only where an individual has a liberty or property interest that the government seeks to eliminate, and the Mathews test concerns the administrative procedures required.

9

benefit of transcripts, it appears that the plaintiff admittedly entered into the victim's home, and the jury determined that the plaintiff was guilty of burglary.

As noted in Grayson, Brady concerned the suppression of evidence prior to and during trial that was material to the proceedings and denied the criminal defendant a fair trial. As in Grayson, the plaintiff herein does not allege in his federal civil rights complaint that any evidence was suppressed at trial. As with the defendant in Grayson, "the time for fair trial arguments has long since passed," Grayson at 1338, and Brady does not create a right to post-conviction biological evidence that "might" be exculpatory. Id. This Court finds that Brady does not confer a right to the evidence in this case, as the plaintiff had an opportunity to raise constitutional claims about the fairness of his trial at the state level. It is also quite speculative that the evidence the plaintiff seeks would exonerate him, in the face of apparent eyewitness identification of his presence at the crime scene and his entry into the dwelling.

The Undersigned further finds that Mathews does not create a right to the evidence. The plaintiff had an opportunity to challenge the constitutionality of his conviction, and he still may seek relief in the state courts. The risk of an erroneous deprivation of the plaintiff's liberty interest is thus exceedingly low and the probable value of the results of testing of any fingerprint evidence is virtually non-existent. Further, the compelling government interests such as the finality of duly adjudicated criminal judgments "weigh heavily" against the plaintiff's need for the evidence. Grayson at 1342.

In sum, the Undersigned finds that the plaintiff has failed to establish that he has a constitutional right to the injunctive relief he seeks.

### III. Recommendation

Based on the foregoing, it is recommended that 1) the complaint be dismissed pursuant to 28 U.S.C. §1915A; and 2) the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 30th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Anthony Brown, Pro Se
     DC# 196060
     Graceville Correctional Facility
     5168 Ezell Road
     Graceville, FL 32440